IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )   Case No.: 23-MJ-00714 LF |
| | ) |
| vs. | ) |
| | ) |
| JEREMY ISAAC LOPEZ, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' MOTION TO DETAIN

The United States of America hereby submits this *Motion to Detain* in support of Defendant Jeremy Lopez's continued detention. Defendant Jeremy Lopez (hereinafter "Defendant") is currently charged by criminal complaint. While the parties will argue detention at the hearing set before the Court on January 9, 2024, this filing is intended to provide additional information to the Court in advance of that hearing and demonstrate to the Court that there is neither a condition nor set of conditions that will guarantee Defendant's appearance at future proceedings as well as the safety of the community.

### I. PROCEDURAL BACKGROUND

On April 19, 2023, Defendant was charged by criminal complaint with Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine in violation of 21 U.S.C. §841 (a)(1) and (b)(1)(C). Doc. 1.

Defendant was arrested on January 3, 2024, on the warrant issued pursuant to that complaint and made his initial appearance on that same date. Doc. 6.

On January 5, 2024, the Pretrial Services Report was issued for this matter, and it found that Defendant posed a risk of nonappearance as well as a risk of danger, and "that there is no condition or combination of conditions that will reasonably assure the appearance of the defendant as required and the safety of the community." Doc. 10 pgs. 2-3.  Also, on that date Defendant waived his Preliminary Hearing. Doc. 11.

## II. HISTORY OF THE DEFENDANT

### a. Recent Criminal History

Defendant was convicted on March 30, 2021, of the felony of Aggravated Fleeing a Law Enforcement Officer in case D-0101-CR-2019-00011 (hereinafter "Aggravated Fleeing case"), in the First Judicial District, Santa Fe County, New Mexico.  At that time, Defendant was placed on probation, which is scheduled to end on December 8, 2024. *See* Exhibit A at pg. 1.

On February 23, 2022, while on probation for the above stated offense, Defendant committed the offense of Armed Robbery.  Defendant was then charged in the First Judicial District, Santa Fe County, New Mexico for that offense in Case D-0101-CR-2022-00105 (hereinafter "Armed Robbery case").  Defendant was placed on house arrest and fitted with an ankle monitor as part of his pretrial release for the Armed Robbery case.  On March 30, 2023, a bench warrant was issued for Defendant based upon a probable cause determination that he had intentionally removed his GPS Unit. *See* Exhibit B.[1]

---

[1] Defendant pled guilty in the Armed Robbery case and on December 28, 2023, received a suspended sentence of nine years which is to run concurrent to the probation that was already in place in his Aggravated Fleeing case.

On April 2, 2023, the Espanola Police Department located and engaged in a high-speed pursuit of Defendant. Officers discovered his vehicle abandon but were not able to find Defendant at that time.

On April 19, 2023, Defendant committed the offenses alleged in the current matter and was taken into custody by members of the Pojoaque Police Department pursuant to the outstanding bench warrant.

b. **Record of Compliance with Court Orders**

  i. **Failures to Appear**

  On August 14, 2017, Defendant failed to appear in a criminal case. In 2018, the Defendant failed to appear on five different occasions in three different cases. In 2019, the Defendant failed to appear on five occasions in four different criminal cases. Doc. 10 pgs. 4-7.

  ii. **Violations of Probation**

  In 2018 it was alleged that Defendant violated probation in a criminal case. In 2019, it was alleged that Defendant violated probation in a criminal case. In 2021, it was alleged that Defendant violated probation three times in a criminal case. In 2022, it was alleged that Defendant violated probation in a criminal case. *Id.*

  iii. **Violations of Pretrial Release**

  In 2018, 2022, and 2023 it was alleged that Defendant failed to comply with the conditions of his pretrial release. *Id.*

### III. DETENTION HEARING

Upon a motion of the attorney for the Government in a case for which the Controlled Substances Act prescribes a maximum term of imprisonment of ten years or more, or in a case that involves a serious risk that the Defendant will flee, a judicial officer shall hold a hearing to determine whether any condition or combination of conditions will ensure the safety of the public and ensure the appearance of the Defendant as required.  18 U.S.C. §3142(f). In the current matter before the Court Defendant is charged with a violation of 21 U.S.C. §841 (a)(1) and (b)(1)(C), which carries a statutory maximum term of imprisonment of twenty years and as a result falls into the category of cases encapsulated by 18 U.S.C. §3142(f)(1)(C). 18 U.S.C. §841 (b)(1)(C). Additionally, as further outlined below, there is a serious risk that the Defendant will flee and for these reasons the United States is seeking a detention hearing in this matter.

When the hearing is held to determine whether there are conditions that can reasonably assure Defendant's appearance at trial and the safety of the community, the Court shall consider:

(1) the nature and circumstances of the crime charged.

(2) the weight of the evidence against the defendant.

(3) the history and characteristics of the defendant, including family ties, employment, financial resources, community ties, drug or alcohol abuse history, and past conduct; and

(4) the nature and seriousness of the danger to the community or to an individual that would be posed by release.

*See* 18 U.S.C. § 3142(g).

Additionally, in cases in which a maximum term of imprisonment of greater than ten years or more is prescribed by the Controlled Substances Act, subject to rebuttal by the Defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the safety

of the community and the appearance of the Defendant. 18 U.S.C. § 3142 (e)(3). "Once the presumption is invoked, the burden of production shifts to the defendant." *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991). Should the defendant satisfy his or her burden of production under 18 U.S.C. § 3142(f), the United States must then show by a preponderance of the evidence that the defendant presents a risk of flight, or by clear-and-convincing evidence that the defendant presents a danger to the community. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## IV. ARGUMENT

In this case, even if the Defendant was able to overcome the presumption in favor of detention, several of the statutory factors would weigh in favor of detaining the Defendant in this matter.

### a. The Defendant's History and Characteristics

In looking to the history and characteristics of the Defendant the statutes mandate that several specific areas be taken into account among them, the Defendant's record concerning appearance at court proceedings, whether Defendant was on probation, on parole or on other release pending trial at the time of the current matter and the criminal history of the Defendant. 18 U.S.C. 3142(g)(3)(A-B).

As mentioned previously, Defendant's record concerning appearance at court proceedings does not weigh in favor of placing any faith in his willingness to do so in this matter. According to the Pretrial Services Report, Defendant has failed to appear as ordered in criminal cases, on eleven different occasions. These have all occurred within the last seven years, and as recently as 2019. Defendant's

record concerning appearance at court proceedings clearly weighs in favor of detention.

The current charge against Defendant alleges that the criminal conduct took place on April 19, 2023. Not only was Defendant on probation at that time in the Aggravated Fleeing case, but he was also at the time on pretrial release in the Armed Robbery case. With regards to his probation case, Defendant has demonstrated a clear willingness to commit new crimes despite being ordered by the Court, in the form of probation requirements, not to do so. With regards to his pretrial release, not only did Defendant violate court orders that he refrain from engaging in illegal activities, he also took the step of removing his GPS monitor and absconding in order to engage in such illegal activities. The fact that Defendant was both on probation and on pretrial release at the time of committing the current offense is a factor in favor of Defendant being detained in this matter. This is again a factor weighing in favor of Defendant being detained in this matter.

Defendant's criminal history shows a conviction in 2018 for Resisting, Evading or Obstructing an Officer, and convictions in 2021 for Aggraded Fleeing of a Law Enforcement Officer as well as two counts of Resisting Arrest. Defendant has repeatedly demonstrated not only an unwillingness to comply with the lawful application of authority by law enforcement, but a desire to actively resist the same. This aspect of Defendant's criminal history clearly weighs in favor of the detention of Defendant.

b. **Nature and Seriousness of the Danger to any Person or Community**

Another statutory factor that merits evaluation in this matter is the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. 18 U.S.C. 3142(g)(4). In Defendant's Armed Robbery case, he pled guilty to threatening an individual with a firearm in order to rob them, more specifically, Defendant robbed the clerk at a Subway sandwich shop. This type of action clearly demonstrates that Defendant's desires to engage in criminal activity which place members of the community at risk. In the current matter Defendant was arrested with illegal narcotics as well as numerous small clear baggies on his person, indicative of an intention to distribute those narcotics. Whether by putting individuals at risk by threatening them with a firearm, or by pedaling illegal narcotics, Defendant poses a threat to the safety of the community and this if a factor which weighs in favor of his detention in this matter.

c. **Nature and Circumstances of the Current Offense**

The nature and the circumstances of the current matter also should be evaluated in making a determination regarding whether or not Defendant should be detained in this matter. That would include determining whether the current offense involved a controlled substance and the strength of the evidence in the case. 18 U.S.C. §3142(g)(1-2).

As stated previously the current complaint does involve a controlled substance, in this case methamphetamine, and the evidence in this case is incredibly strong as the narcotics were found on Defendant's person at the time of his arrest pursuant to the bench warrant that had been issued as a result of him absconding

from pretrial release. These factors weigh in favor of Defendant being detained in this matter.

Based on the history and characteristics of the Defendant including his commission of the present offense while both on probation and pretrial release, his criminal history, the nature and seriousness of the danger posed to the community by Defendant's release, the fact that the current offense involves a controlled substance, as well as the strength of the evidence in this current case, the United States urges the Court to detain Defendant as a flight risk and a danger.[2]

## CONCLUSION

For the reasons stated above, this Court should recognize Defendant as a danger to the community and a flight risk. There is no condition or combination of conditions that could adequately ensure Defendant's continued appearance in this matter and protect the public and for that reason, the United States respectfully asks the Court to detain Defendant pending trial in this matter.

Respectfully submitted,

ALEXANDER M.M. UBALLEZ
United States Attorney

*/s/ Electronically filed on January 8, 2024*
ROBERT JAMES BOOTH II
Assistant U.S. Attorney
Post Office Box 607
Albuquerque, NM 87102
(505) 346-7274

---

[2] The United States is aware that at the time the presentence report was completed the Defendant had not visited with Pretrial Services, and that such a visit has now taken place. While it is anticipated that an Amended Pretrial Services report is forthcoming, it is highly unlikely that any information contained in such a report would cause the United States to shift its position in any way with regards to the Defendant in this matter.

I HEREBY CERTIFY that on January 8, 2024,
I filed the foregoing electronically through the
CM/ECF system, which caused counsel of record
to be served by electronic means, as more fully
reflected on the Notice of Electronic Filing.

*Electronically filed on January 8, 2024*
ROBERT J. BOOTH II
Assistant U.S. Attorney