FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
11/13/2023 2:37 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jill Nohl

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

CR#: D-0101-CR-2022–00105
DA#: SF 22-0440

STATE OF NEW MEXICO,
     Plaintiff,

vs.
    \

JEREMY I. LOPEZ,
DOB:   1995
     Defendant.

## REPEAT OFFENDER PLEA AND DISPOSITION AGREEMENT

The State of New Mexico and Defendant agree to this disposition of this cause number:

### PLEA

CHARGES: Defendant agrees to plead GUILTY to the following crime(s):

**1. ARMED ROBBERY (0174),** a 2nd degree felony offense occurring on or about February 23, 2022, as charged in Count 1 of Indictment CR D-0101-CR-2022–00105.

ADMISSION OF IDENTITY: Defendant admits that Defendant was convicted of the following crime, and that it is valid and free from error. Defendant agrees that the conviction listed in the "Admission of Identity" section of this agreement is a prior felony conviction according to Section 31-18-17, NMSA 1978.

1a.    On March 30, 2021, the Defendant was convicted of Aggravated Fleeing a Law Enforcement Officer, a felony, occurring on or about November 19, 2018, in Cause No. D -0101-CR-2019-00011, in the First Judicial District, Santa Fe County, New Mexico.

The Defendant's probation in D-0101-CR-2019-00011 is currently scheduled to end on December 8, 2024. The above listed prior felony conviction is not usable as a habitual offender enhancement.

### TERMS

This agreement is made according to the following conditions:

SENTENCING AGREEMENT: The parties agree to a suspended sentence of 9 years. The Defendant is to spend 4 years on supervised probation followed by 5 years of unsupervised probation. The probationary term shall be served concurrently with the current probationary term



STATE vs. JEREMY I. LOPEZ
D-0101-CR-2022-00105
REPEAT OFFENDER PLEA AND DISPOSITION AGREEMENT, Page 2

in D-0101-CR-2019-00104. There are no other agreements as to sentence. Unless otherwise specified, Defendant waives all claims to any and all items seized as part of this investigation. Any such items will be forfeited to the investigating/seizing agency absent the claims of innocent owners.

PENALTIES: The maximum penalties for these crimes are:

**1. ARMED ROBBERY (0174)**, a 2nd Degree Felony: Basic Sentence of 9 years imprisonment followed by 2 years of parole, and not more than a $10,000 fine.

Any basic sentence for a felony may be altered up to one third for aggravating or mitigating circumstances.

POTENTIAL INCARCERATION: If the court accepts this agreement, Defendant shall be ordered to serve a period of supervised probation of 4 years at initial sentencing followed by 5 years of unsupervised probation. If ordered to serve a period of probation, within twenty-four (24) hours Defendant must check into probation at the Probation and Parole office located at 2000 St. Michael's Dr., Santa Fe, New Mexico, 87505. If the probation is later violated in any way, the State my seek to incarcerate Defendant for the balance of the sentence.

If Defendant is incarcerated on a "Serious Violent Offense" pursuant to §33-2-34, NMSA 1978, as amended, then the statutory provisions as to earned meritorious deductions shall apply.

CHARGES TO BE DISMISSED: The following charges will be dismissed or will not be filed: Not applicable. Absent any violations such as those described in the "Sentencing Agreement" section above, the State will not bring additional habitual offender proceedings against Defendant except as outlined below in the sections labeled "Undisclosed Prior Convictions" and "Habitual Offender Proceedings."

RESTITUTION: If applicable, restitution will be ordered in accordance with §31-17-1, NMSA 1978. Defendant, in cooperation with Probation and Parole authorities, will prepare a restitution plan to be incorporated into the Court's sentence. Defendant agrees to make restitution payments on all charges arising out of these DA file numbers, even if those charges are dismissed or not filed because of this Agreement. Defendant agrees not to discharge the restitution obligation in bankruptcy.

STATE vs. JEREMY I. LOPEZ
D-0101-CR-2022-00105
REPEAT OFFENDER PLEA AND DISPOSITION AGREEMENT, Page 3

UNDISCLOSED PRIOR CONVICTIONS: The State may bring additional habitual offender proceedings, as provided by law, based on any convictions not admitted in this plea. The State may also choose to withdraw this plea agreement or void any sentencing agreement if it discovers any such convictions.

### HABITUAL OFFENDER PROCEEDINGS

UPON VIOLATION: Defendant understands that if Defendant violates any law after entering this plea and before completing the sentence in this case, Defendant will be subject to habitual offender proceedings based on the convictions listed under the section labeled "Admission of Identity." The State also may bring habitual offender proceedings if Defendant violates any condition of probation or parole. The State may bring habitual offender proceedings if the violation is admitted or proven, even if probation or parole is not revoked or Defendant is not convicted of the new crime. Defendant agrees that the District Attorney's Office or the Court may inspect Defendant's probation or parole records to determine whether the conditions of Defendant's probation or parole have been violated. Defendant agrees that Defendant has no expectation of finality regarding sentence until the successful completion of the entire sentence, including any period of parole. Accordingly, Defendant waives any limitations with respect to the initiation of habitual offender proceedings.

PROOF: The State will use Defendant's admission of identity to the prior felony convictions in any habitual offender proceedings. Defendant understands and agrees that the admission alone will be sufficient proof that Defendant is the person convicted of those felonies.

VALIDITY OF CONVICTIONS AND WAIVER: For purposes of this subsection, the prior convictions listed in the "Admission of Identity" section above are "Prior Felony Convictions." Defendant agrees that Defendant is the person who was convicted of the Prior Felony Convictions and that the Prior Felony Convictions were felonies. Defendant also agrees that Defendant's constitutional rights, including the right to counsel, were not violated at the time the Prior Felony Convictions were obtained. Defendant further agrees that the Prior Felony Convictions satisfy the definition of "prior felony conviction" in Section 31-18-17, NMSA 1978. Defendant waives any collateral attack of on each of the Prior Felony Convictions. Defendant

STATE vs. JEREMY I. LOPEZ
D-0101-CR-2022-00105
REPEAT OFFENDER PLEA AND DISPOSITION AGREEMENT, Page 4

agrees not to contest the Prior Felony Convictions if habitual offender proceedings are filed
under the terms of this agreement. If Defendant contests the Prior Felony Convictions, the state
may choose to reinstate any charges dismissed or not filed as a result of this agreement. The state
may also remove any agreed upon limitation on sentence. Defendant also expressly waive any
and all time limits for filing habitual offender proceedings.

## STIPULATIONS

TIME LIMITS:  By entering this agreement with the State, Defendant waives Defendant's
rights under the rules governing time of commencement of trial until the agreement is either
accepted or rejected by the court.

WAIVER OF DEFENSES AND APPEAL:  Unless this plea is rejected or withdrawn,
Defendant gives up all motions, defenses, objections, or requests which Defendant has made or
could make concerning the Court's entry of judgment against Defendant if that judgment is
consistent with this agreement.  Defendant specifically waives Defendant's right to appeal as
long as the court's sentence is imposed according to the terms of this agreement.

REJECTION OF PLEA:  If, after reviewing this Agreement and any related pre-sentence
report, the Court finds the provisions of this agreement unacceptable, the Court may allow the
withdrawal of the plea, and this agreement will be void.  If the plea is withdrawn, neither the plea
nor any statements arising out of the plea proceeding shall be admissible against Defendant in
any criminal proceedings.

CERTIFICATIONS AND AGREEMENT: I have read and I understand this Agreement.  I
am entering this Agreement of my own free will and choice. No force, threats or unlawful
influence of any kind has been made to get me to enter this Agreement. I have discussed the case
and my constitutional rights with my lawyer, and I am satisfied with the advice and assistance of
my attorney. Prior to entering this Agreement, my attorney and I have fully discussed all aspects
of this case. My attorney has, to my complete satisfaction, answered all of my questions and fully
explained the charges against me and any potential defenses to them.

I certify that I can read and understand the English language, or, if I do not read and

STATE vs. JEREMY I. LOPEZ
D-0101-CR-2022-00105
REPEAT OFFENDER PLEA AND DISPOSITION AGREEMENT, Page 5

understand English, that an interpreter has been provided to me. I understand that, if I am not a citizen of the United States of America, being convicted may affect my immigration or naturalization status, up to and including my deportation. If applicable, I certify that I, with the assistance of my attorney, have fully explored the possibility of such effects upon my immigration status and have chosen to enter this Agreement in full knowledge of those possible consequences, regardless of whether our investigation of the likely immigration ramifications is later revealed to be mistaken.

I have read and understand the above. I have discussed the case and my constitutional rights with my lawyer. I understand that when I plead guilty I give up the following rights:  my right to a trial by jury, my right to confront, cross-examine, and compel the attendance of witnesses both for and against me, my privilege against self-incrimination, and the right to appeal the matters relating to this Agreement.

I further understand that by admitting my identity on the prior conviction or convictions, I give up my privilege against self-incrimination if additional habitual offender proceedings are filed in this case under this agreement.  I understand that when I admit the validity of the prior convictions I give up my right to collaterally attack these convictions in any additional habitual offender proceedings which are filed under this agreement.

I agree to enter my plea, and I admit that I am the person previously convicted of felonies as indicated above and according to the terms and conditions set forth in this agreement.  I understand that if the court grants me probation, a suspended sentence, a deferred sentence or a conditional discharge, the terms and conditions of the sentence are subject to modification if I violate any of the terms or conditions imposed.

10-4-23
DATE

JEREMY I. LOPEZ
DEFENDANT

STATE vs. JEREMY I. LOPEZ
D-0101-CR-2022-00105
REPEAT OFFENDER PLEA AND DISPOSITION AGREEMENT, Page 6

I certify I have discussed this case with my client in detail and have advised Defendant of Defendant's constitutional rights and all possible defenses. I certify that Defendant has read, or that I have read to Defendant, this Agreement and that Defendant understands the terms contained herein. I certify that, if applicable, Defendant and I have made sufficient efforts to determine the possible effects of this Agreement on Defendant's immigration status, and are satisfied with our investigation of those possible effects such that Defendant chooses to enter this Agreement regardless. I believe that the plea and disposition set forth herein are appropriate under the facts of this case. I agree with the plea outlined in this agreement and its terms and conditions.

10-30-23
DATE

MARY RUTH MCCLEARY
DEFENSE COUNSEL

I have reviewed this matter and agree that the plea and disposition are appropriate and are in the interest of justice.

9/11/2023
DATE

RAMON M. CARRILLO
PROSECUTOR

## DISTRICT COURT APPROVAL

The defendant personally appearing before me and I have concluded as follows:

1. That the defendant understands the charges set forth in the Criminal Complaint.

2. That the defendant understands the range of possible sentences for the offenses charged, from probation to a maximum of 9 years.

   The defendant, if convicted, shall provide a sample of biological material sufficient for DNA Testing and pay a $100.00 fee to the New Mexico Department of Corrections for the combined DNA Index System (CODIS), pursuant to §29-16-1, et seq., NMSA 1978.

   Any basic sentence shall be enhanced pursuant to §31-18-17, NMSA 1978 as an habitual criminal offender, if the defendant has any undisclosed prior felony convictions.

3.  That the defendant understands the following constitutional rights which the defendant gives up by pleading guilty:

    (a)  the right to trial by jury, if any;
    (b)  the right to the assistance of an attorney at trial, and to an appointed attorney, to be furnished free of charge, if the defendant cannot afford one;
    (c)  the right to confront the witnesses against the defendant and to cross-examine them as to the truthfulness of their testimony;
    (d)  the right to present evidence on the defendant's own behalf, and to have the state compel witnesses of the defendant's choosing to appear and testify;
    (e)  the right to remain silent and to be presumed innocent until proven guilty beyond a reasonable doubt.

4.  That the defendant wishes to give up the constitutional rights of which the defendant has been advised.

5.  That there exists a basis in fact for believing the defendant is guilty of the offenses charged and that an independent record for such factual basis has been made.

6.  That the defendant and the prosecutor have entered into a plea agreement and that the defendant understands and consents to its terms.

7.  That the plea is voluntary and not the result of force, threats or promises other than a plea agreement.

8.  That under the circumstances, it is reasonable that the defendant plead guilty.

9.  That the defendant understands that a conviction may have an effect upon the defendant's immigration or naturalization status and that, if the defendant is represented by counsel, the defendant has been advised by counsel of the immigration consequences of the plea.

    On the basis of these findings, I conclude that the defendant knowingly, voluntarily and intelligently to the above charges and accepts such plea. These findings shall be made a part of the record in the above-styled case.

APPROVED:

_____

T. GLENN ELLINGTON
DISTRICT JUDGE