IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Cause No. 1:24-CR-00096 JB |
| § | |
| JEREMY ISAAC LOPEZ, § | |
| § | |
| Defendant. § | |

**UNOPPOSED MOTION FOR CONTINUANCE OF TRIAL
AND FOR EXTENSION OF TIME TO FILE MOTIONS**

JEREMY ISAAC LOPEZ, through his attorney, Rachel Nathanson Jacobs, moves this Court to continue the jury trial currently set for June 24, 2024, for approximately 30 days, and to vacate and reschedule all other deadlines and settings in the matter, including an extension of time in which to file motions. In support of this motion, Mr. Lopez states:

1. Mr. Lopez was indicted on January 23, 2024, for possession with intent to distribute 40 grams and more of a mixture and substance containing fentanyl, 5 grams and more of methamphetamine, and heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi), 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), respectively. (Doc. 18). He was arraigned on January 30, 2024, and entered pleas of not guilty as to all counts. (Doc. 20). On January 31, 2024, this Court set the matter for trial on March 25, 2024. (Doc. 22). On April 8, 2024, this Court granted a continuance of trial until June 24, 2024. (Doc. 25).

2. Mr. Lopez respectfully requests a continuance to complete several tasks that are

vital to his defense. Specifically, Mr. Lopez requests an additional thirty days from the current setting in order to finalize plea negotiations, and should these fail, to prepare and file pretrial motions and prepare for trial. Thirty days is the minimum amount of time that is required to conduct such discussions and set this matter for a change of plea hearing, if a resolution is reached.

3. A continuance is necessary for counsel to complete the following tasks:

   a. Pursue plea negotiations with the government. If a resolution is not reached, then additional time will be necessary to prepare pretrial motions, motions in limine, and prepare for trial.

   b. Research, prepare, and file any pretrial motions and motions in limine.

   c. Prepare for trial.

4. Mr. Lopez requests a continuance of trial of no less than 30 days from the current setting. Counsel believes that length of time to be the minimum that will be sufficient to complete any plea negotiations in this case.

5. Mr. Lopez's right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Mr. Lopez will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment.

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940)).

      6.     Mr. Lopez agrees with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Mr. Lopez and will permit him additional time to finalize plea negotiations, and should these fail, prepare and file pretrial motions and motions in limine and otherwise prepare for trial. Counsel has discussed with Mr. Lopez his rights under the Speedy Trial Act and Mr. Lopez understands the need for a continuance and respectfully requests that the court continue his trial for the thirty days requested by counsel.

      8.     Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). A continuance of the deadlines and jury trial in this matter will provide Mr. Lopez time to finalize plea negotiations, and should these fail, prepare and file pretrial motions and motions in limine and otherwise prepare for trial. A negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Mr. Lopez by providing him access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

      9.     The undersigned has conferred with Assistant United States Attorney Robert James Booth, II, who does not object to the relief requested.

UNOPPOSED MOTION FOR CONTINUANCE OF TRIAL
AND FOR EXTENSION OF TIME TO FILE MOTIONS
UNITED STATES V. LOPEZ                                                                                                     PAGE 3


*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940)).

      6.     Mr. Lopez agrees with this continuance and will not be prejudiced by this continuance. Additional time will not prejudice Mr. Lopez and will permit him additional time to finalize plea negotiations, and should these fail, prepare and file pretrial motions and motions in limine and otherwise prepare for trial. Counsel has discussed with Mr. Lopez his rights under the Speedy Trial Act and Mr. Lopez understands the need for a continuance and respectfully requests that the court continue his trial for the thirty days requested by counsel.

      8.     Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). A continuance of the deadlines and jury trial in this matter will provide Mr. Lopez time to finalize plea negotiations, and should these fail, prepare and file pretrial motions and motions in limine and otherwise prepare for trial. A negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Mr. Lopez by providing him access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

      9.     The undersigned has conferred with Assistant United States Attorney Robert James Booth, II, who does not object to the relief requested.

UNOPPOSED MOTION FOR CONTINUANCE OF TRIAL
AND FOR EXTENSION OF TIME TO FILE MOTIONS
UNITED STATES V. LOPEZ      PAGE 3

WHEREFORE, Defendant Jeremy Isaac Lopez respectfully requests that this Court continue the jury trial and motions deadline as set forth above.

        Respectfully submitted,
        FEDERAL PUBLIC DEFENDER
        111 Lomas NW, Suite 501
        Albuquerque, NM 87102
        (505) 346-2489

        *Electronically filed (June 6, 2024)*
        By: /s/ Rachel Nathanson Jacobs
        RACHEL NATHANSON JACOBS
        Assistant Federal Public Defender